UNITED STATES DISTRICT COURT
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIFESPAN CORPORATION : | |
|     *Plaintiff*, : | |
| : | |
| v. : | |
| : | C.A. No. |
| JON MICHAEL TAYLOR, and : | |
| LIFESPAN HYPNOSIS CENTER LLC : | |
|     *Defendants*. : | |

## COMPLAINT

Plaintiff Lifespan Corporation ("Plaintiff" or "Lifespan"), by and through its undersigned counsel, files this Complaint against Defendants Jon Michael Taylor ("Taylor") and Lifespan Hypnosis Center (collectively, "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for trademark infringement and unfair competition under the Lanham Act (15 U.S.C. §§ 1114, 1125) and related claims arising under the laws of the Commonwealth of Massachusetts, including claims for unfair and deceptive trade practices under Mass. Gen. Laws Ch. 93A, § 11 and common law unfair competition.

2. This action arises from the Defendants' willful, knowing, and persistent infringement of Lifespan's statutory and common law trademark rights pertaining to the LIFESPAN mark. The Defendants have infringed, and continue to infringe, on Lifespan's rights by offering healthcare services in direct competition with Lifespan, including but not limited to mental health services, smoking cessation, weight loss, treatment for PTSD, anxiety, and hypnotherapy. The Defendants' unauthorized use of the LIFESPAN mark is likely to cause consumers to believe, contrary to fact, that the Defendants' services are sold, authorized, endorsed,

or sponsored by Lifespan, or that the Defendants are in some way affiliated with or sponsored by Lifespan.

## THE PARTIES

3.      Lifespan Corporation ("Plaintiff" or "Lifespan") is a Delaware corporation with a principal place of business located at 167 Point Street, Providence, Rhode Island 02903.

4.      Defendant Jon Michael Taylor is a natural person who resides at 385 Columbia Street, Fall River, Massachusetts 02721.

5.      Defendant Lifespan Hypnosis Center LLC, is a Massachusetts limited liability corporation with a principal place of business located at 112 Wingold St., Fall River, MA 02720.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction based on Lifespan's Lanham Act causes of action pursuant to 28 U.S.C. § 1331 as the claims present a federal question under the laws of the United States. The Court has supplemental jurisdiction over Lifespan's state law claims pursuant to 28 U.S.C. § 1367. In addition, the amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs, and this action is between citizens of different states. *See* 28 U.S.C. § 1332.

7.      The Court has general personal jurisdiction over the Defendants because they reside and/or are domiciled in Massachusetts, which is also the location of the Hypnosis Center's principal place of business. The Court furthermore may exercise general jurisdiction over the Defendants because they have continuous and systematic contacts with Massachusetts, including by conducting substantial and regular business therein through the Hypnosis Center's offering of healthcare services in Massachusetts. This Court also has specific personal jurisdiction over the Defendants as Lifespan's claims relate to or arise out of their in-state conduct infringing on the

LIFESPAN mark. The Court's exercise of specific personal jurisdiction over the Defendants moreover comports with traditional notions of fair play and substantial justice.

8. Venue is proper in this District under 28 U.S.C. §§ 1391 (b) and (c) because the Defendants conduct business in this district, the claims arise in this district, and acts of infringement have taken place and are continuing to take place in this district.

## STATEMENT OF FACTS

### I. Lifespan's Business and Trademark

9. Lifespan is a multi-hospital health care services system providing over 300 types of medical and health care services throughout Rhode Island and southern New England, predominantly in southeastern Massachusetts, and has patients who travel to and seek treatment from Lifespan hospitals and providers from around the world. It is a highly-respected and world-renowned medical and healthcare institution.

10. Since at least as early as 1994, Lifespan has used the LIFESPAN mark in commerce throughout Rhode Island, Massachusetts, and the United States in connection with offering a wide range of medical and health care services. It has used the LIFESPAN name and mark both in word form and in the following logo:



11. In addition to its longstanding common law rights in the LIFESPAN name and mark, Lifespan is the exclusive owner of two valid and subsisting United States Trademark Registrations[1] for the word mark LIFESPAN with the United States Patent and Trademark Office,

---

[1] Attached as Exhibit A is a true and correct copy of the registration certificate and maintenance records for Lifespan's United States Trademark Registration No. 2,155,950, which was issued by the United States Patent and Trademark Office on 5/12/1998. Additionally, attached as Exhibit B is a true and correct copy of the registration

both of which have become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065:

| Trademark | Registration No. | Registration Date | Goods/Services |
|---|---|---|---|
| LIFESPAN | 2,155,950 | 5/12/1998 | Medical services, namely, hospital, home healthcare, and other services relating to the provision of healthcare |
| LIFESPAN | 2,296,218 | 11/30/1999 | Paper goods and printed matter, namely, pamphlets, booklets, magazines and informational literature directed to applicant's consumers concerning applicant's activities in the fields of medicine and health |

12. The federal registrations for the LIFESPAN mark provide Lifespan with certain proprietary rights, including the right to restrict the use of the trademarks and/or service marks, or of confusingly similar trademarks and/or service marks.

13. The array of medical and healthcare services Lifespan provides includes weight loss management services, addiction treatment, smoking cessation research, and behavioral health and psychology services, including pediatric psychology, family psychology, and psychiatry. Lifespan has also regularly offered hypnotherapy services. Lifespan has used the LIFESPAN mark for decades in connection with these services.

14. Lifespan has expended substantial time, money, and resources marketing, advertising, and promoting its business and services under the LIFESPAN mark.

---

certificate and maintenance records for Plaintiff's United States Trademark Registration No. 2,296,218 for a stylized mark, which was issued by the United States Patent and Trademark Office on 11/30/1999.

15. The LIFESPAN name has been commonly used to identify Lifespan and its business. Lifespan is now and has generally been known in its trade and by the public as LIFESPAN throughout New England and the United States. The LIFESPAN mark is recognized and relied upon as identifying Lifespan as the source of the services with which it is used, distinguishing Lifespan's business and services from those offered by others.

16. The LIFESPAN mark is distinctive to both the consuming public and within its trade.

17. As a consequence of Lifespan's expenditures and efforts, the LIFESPAN mark has come to signify the quality of the medical and healthcare services Lifespan provides, and has acquired incalculable distinction, reputation, and goodwill belonging exclusively to Lifespan.

**II.     The Defendants and Their Infringing Activities**

18. Lifespan Hypnosis Center is a Massachusetts limited liability company offering hypnotherapy services in Massachusetts.

19. Taylor is the owner and manager of Lifespan Hypnosis Center. On information and belief, Taylor formed Lifespan Hypnosis Center in January 2021, long after Lifespan acquired its protectable and exclusive rights in the LIFESPAN mark.

20. The Defendants adopted and are now using LIFESPAN HYPNOSIS CENTER as the name and mark for a business that purportedly offers services for hypnotherapy, smoking cessation, weight loss, treatment for PTSD, anxiety, and treatment for female sexual assault victims.

21. The Defendants operate the website https://lifespan-hypnosis-center.ueniweb.com/, which advertises their purported hypnotherapy services:



*Figure 1*

*Figure 2*

*Figure 3*

22. Upon information and belief, the Defendants have falsely advertised and claimed that LIFESPAN HYPNOSIS CENTER is a licensed entity and that Taylor is a licensed hypnotherapist. For example, the National Provider Identifier Database entry for Taylor describes him as a "Hypnotherapist" and as a "Counselor – Mental Health" listing a License No. 33097 in the State of New Hampshire:

*Figure 4*



23. Upon information and belief, there are no licenses under Taylor's name or Lifespan Hypnosis Center registered with the New Hampshire Department of Health. Cross-referencing License No. 33097 with the New Hampshire Department of Health reveals that the license number is active and assigned to Brianna Plume as an Esthetician:

*Figure 5*



24. Upon information and belief, Lifespan Hypnosis Center is a fraudulent business providing fraudulent services. A Google customer review posted on the Lifespan Hypnosis Center website and referring to Jon Taylor provides:



25. The Defendants have advertised and promoted, and continue to advertise and promote, their business under the LIFESPAN HYPNOSIS CENTER name and mark, and have caused their business to be listed under the LIFESPAN HYPNOSIS CENTER name in telephone directories, social media websites, and other directories including but not limited to Bizapedia, Alignable, Facebook, Instagram, LinkedIn, and Groupon.

26. By providing or purporting to provide medical and health services, including without limitation, hypnotherapy, smoking cessation, weight loss, treatment for PTSD, anxiety, and treatment for female sexual assault victims, in southeastern New England, the Defendants operate in the same field and market as Lifespan and compete for the same patients.

27. Lifespan has never authorized, licensed, or otherwise condoned or consented in any way to the Defendants' use of LIFESPAN, LIFESPAN HYPNOSIS CENTER or any other confusingly similar mark. Furthermore, the Defendants are not agents or representatives of Lifespan or otherwise associated with, approved, or sponsored by Lifespan.

28. The Defendants' use of LIFESPAN and LIFESPAN HYPNOSIS CENTER as names and marks for their business creates the false impression that their services are connected or associated with Lifespan, so as to deceive customers or to cause confusion or mistake as to the origin, affiliation, and quality of services originating from the Defendants.

29. The foregoing acts have occurred in interstate commerce and in a manner affecting inter-state commerce.

30. Lifespan has no control over the nature, quality, or pricing of the services provided by the Defendants under the LIFESPAN and LIFESPAN HYPNOSIS CENTER names and marks.

31. In or around January 2023, Lifespan became aware that Defendant adopted and was using LIFESPAN HYPNOSIS CENTER as the name and mark for a business that purportedly offers competing medical and health services, including without limitation, hypnotherapy, smoking cessation, weight loss, treatment for PTSD, anxiety, and treatment for female sexual assault victims.

32. On January 9, 2023, Lifespan sent a cease and desist letter to Taylor objecting to their use of LIFESPAN and LIFESPAN HYPNOSIS CENTER as names and marks for their business and respectfully requesting that they immediately cease all use of LIFESPAN, LIFESPAN HYPNOSIS CENTER, and any other name or mark comprised of LIFESPAN in connection with medical and health care services. The Defendants refused.

33. Upon information and belief, the Defendants' acts are willful with the deliberate intent to trade on the goodwill of the LIFESPAN mark, cause confusion and deception in the marketplace, and divert potential business from Lifespan to the Defendants.

34. The Defendants' acts are causing and, unless restrained, will continue to cause damage and immediate irreparable harm to Lifespan and to its valuable reputation and goodwill with the consuming public for which Lifespan has no adequate remedy at law.

## COUNT I
**(Trademark Infringement under 15 U.S.C. § 1114)**

35. Lifespan repeats and realleges the allegations of paragraphs 1 – 34 of the Complaint as though fully set forth herein.

36. Lifespan is now and has been the owner of the federal trademark registrations set forth in paragraph 11 above.

37. U.S. Registration Nos. 2,155,950 and 2,296,218 are conclusive evidence of the validity of the registered marks, of the registrations of the marks, of Lifespan's ownership of the registered marks, and of its exclusive right to use the registered marks in commerce on or in connection with the services specified in the registrations. *See* 15 U.S.C. § 1115(b).

38. Defendants' unauthorized use in commerce of reproductions, counterfeits, copies, and/or colorable imitations of Lifespan's federally registered LIFESPAN mark in connection with the sale, offering for sale, or advertising of mental health services, including, without limitation, hypnotherapy services, smoking cessation, weight loss, treatment for PTSD, anxiety, and hypnotherapy to treat female sexual assault victims, is likely to cause confusion, to cause mistake and to deceive consumers and the public into believing falsely that Lifespan is the source of Defendants' services, that Lifespan's and Defendants' services emanate from the same source, or that Defendants' services are sponsored by, affiliated with or otherwise approved or endorsed by Lifespan, all to the detriment of Lifespan and the public.

39. Defendants' unauthorized use of reproductions, counterfeits, copies, and/or colorable imitations of Lifespan's federally registered LIFESPAN mark constitute use in interstate commerce.

40. Defendants' activities described herein constitute infringement of federally registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

41. Defendants' unlawful acts have been committed with constructive knowledge, and upon information and belief, actual knowledge, of Lifespan's prior, registered rights in the

LIFESPAN mark and constitute willful and deliberate infringement of the LIFESPAN mark in violation of 15 U.S.C. § 1114(1).

42. Upon information and belief, the Defendants' actions were undertaken for the willful and calculated purpose of trading on, and thereby injuring, the goodwill that Lifespan has established in its LIFESPAN mark.

43. Defendants' unlawful acts have caused irreparable injury to Lifespan, for which there is no adequate remedy at law, and will continue to cause irreparable injury to Lifespan unless enjoined. Accordingly, Lifespan is entitled to injunctive relief as prayed for herein, pursuant to 15 U.S.C. § 1116(a).

44. Lifespan is entitled to, among other relief, injunctive relief and an award of actual damages, the Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT II
### (Common Law Trademark Infringement)

45. Lifespan repeats and realleges the allegations of paragraphs 1 – 44 of the Complaint as though fully set forth herein.

46. In causing a likelihood of customer confusion, the Defendants' actions constitute common law trademark infringement in violation of Massachusetts law.

47. Upon information and belief, the Defendants have acted with full knowledge of Lifespan's trademark rights and without regard to the likelihood of confusion of the public caused by their activities.

48. The Defendants have derived, received, and will continue to derive and receive from the aforesaid acts of trademark infringement, gains, profits, and advantages to which the Defendants are not in law or equity entitled.

49. Lifespan has been damaged by the Defendants' acts of common law trademark infringement. Lifespan does not have an adequate remedy at law for these injuries.

50. The Defendants' actions described herein have caused, and will continue to cause, Lifespan to suffer irreparable harm for which Lifespan has no adequate remedy at law unless enjoined by this Court.

## COUNT III
### (Unfair Competition Under 15 U.S.C. § 1125(a))

51. Lifespan repeats and realleges the allegations of paragraphs 1 – 50 of the Complaint as though fully set forth herein.

52. The Defendants' unauthorized use in interstate commerce of the LIFESPAN and LIFESPAN HYPNOSIS CENTER as names and marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of the Defendants' services, and is likely to cause consumers to believe, contrary to fact, that the Defendants' services are sold, authorized, endorsed, or sponsored by Lifespan, or that the Defendants are in some way affiliated with or sponsored by Lifespan.

53. The Defendants' unauthorized use in interstate commerce of the LIFESPAN and LIFESPAN HYPNOSIS CENTER names and marks as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

54. Upon information and belief, the Defendants' conduct as alleged herein is willful and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of the Defendants with Lifespan.

55. Upon information and belief, the acts of the Defendants were undertaken with the full knowledge of Lifespan's intellectual property rights.

56. The Defendants' actions constitute unfair competition, false designation of origin, palming off, and false description or representation in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

57. The Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Lifespan, and to its goodwill and reputation, and will continue to both damage Lifespan and confuse the public unless enjoined by this Court.  Lifespan has no adequate remedy at law.

58. The Defendants have made, and will continue to make, substantial profits and gain from their use of the LIFESPAN and LIFESPAN HYPNOSIS CENTER names and marks Mark, to which they are not entitled in law or equity.

59. Lifespan is entitled to, among other relief, injunctive relief and an award of actual damages, the Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 116, 117, together with prejudgment and post-judgment interest.

## COUNT IV
**(Common Law Unfair Competition)**

60. Lifespan repeats and realleges the allegations of paragraphs 1 – 59 of the Complaint as though fully set forth herein.

61. The Defendants' unauthorized use in interstate commerce of the LIFESPAN and LIFESPAN HYPNOSIS CENTER names and marks as alleged herein is misleading and likely to cause confusion in the general public as to the nature of the relationship between Lifespan and the Defendants, and therefore the sources of the services offered by each.

62. Upon information and belief, the Defendants have acted with full knowledge of Lifespan's trademark rights and without regard to the likelihood of confusion of the public caused by their activities.

63. The Defendants' use of the LIFESPAN and LIFESPAN HYPNOSIS CENTER names and marks is material to the purchasing decisions of the actual and potential clientele of Lifespan.

64. The aforesaid acts of Defendants constitute unfair competition, infringement of common law trade names and trademarks, unfair methods of competition, unethical, unscrupulous, or substantially injurious and deceptive acts or practices in the conduct of trade or commerce.

65. Defendants' unfair and unlawful acts have caused Lifespan irreparable harm, for which there is no adequate remedy at law, and will continue to cause irreparable harm to Lifespan unless enjoined by this Court.

66. The Defendants have derived, received, and will continue to derive and receive from the aforesaid acts of unfair competition, gains, profits, and advantages to which the Defendants are not in law or equity entitled.

## COUNT V
**(Unfair and Deceptive Trade Practices Under Mass. Gen. Laws Ch. 93A, § 11)**

67. Lifespan repeats and realleges the allegations of paragraphs 1 – 66 of the Complaint as though fully set forth herein.

68. Since about January 2021, Defendants have used and continue to use, without Lifespan's consent, Lifespan's registered trademarks and distinctive trade name in the advertisement and offering of services.

69. Since about January 2021, Defendants have used and continue to use LIFESPAN HYPNOSIS CENTER as the name and mark for a business that purportedly offers services for

hypnotherapy, smoking cessation, weight loss, treatment for PTSD, anxiety, and treatment for female sexual assault victims.

70. Defendants' knowing and intentional actions and transactions occurred primarily and substantially within the Commonwealth of Massachusetts and constitute unfair and deceptive trade practices in violation of Mass. Gen. Laws § 93A, § 11.

71. Defendants' violation of Mass. Gen. Laws ch. 93A, § 11 have caused Lifespan to suffer substantial damages.

## COUNT VI
### (Trademark Dilution Under Mass. Gen. Laws 110H § 13)

72. Lifespan repeats and realleges the allegations of paragraphs 1 – 71 of the Complaint as though fully set forth herein.

73. The LIFESPAN mark is distinctive because it has secondary meaning based on Lifespan's long and exclusive use of the mark, the prominence of its enterprise, its extensive advertising and promotion of the mark, and recognition of secondary meaning among the public.

74. The Defendants' acts have created a likelihood of dilution and injury to Lifespan's business reputation by (1) reducing of the value of the mark by actual or potential confusion (2) using the mark in such a manner as to tarnishes the reputation associated with the Lifespan's mark; or (3) diminishing the uniqueness and individuality of the mark.

75. Defendants' unlawful acts have caused Lifespan irreparable harm, for which there is no adequate remedy at law, and will continue to cause irreparable harm to Lifespan unless enjoined by this Court pursuant to Mass. Gen. Laws 110H § 13.

## **PRAYER FOR RELIEF**

WHEREFORE, Lifespan respectfully requests that this Court order the following relief:

1. Enter judgment in favor of Lifespan and against the Defendants on all counts of Lifespan's Complaint;

2. Declare that the Defendants have unlawfully infringed upon Lifespan's rights in the LIFESPAN mark;

3. Enjoin and restrain the Defendants, their officers, agents, servants, employees, attorneys and all others in active concert or participation with Defendant permanently from:

   a. Using LIFESPAN HYPNOSIS CENTER as a name or mark in connection with the offering of hypnosis services, mental health services, well-being services, or any type of medical or health care services;

   b. Using LIFESPAN alone or as an element of any name or mark in connection with the offering of hypnosis services, mental health services, well-being services, or any type of medical or health care services;

   c. Operating any website under the name LIFESPAN HYPNOSIS CENTER or any name that consists of or incorporates LIFESPAN, or operating any website that links to a website operating under the name LIFESPAN HYPNOSIS CENTER or any name that consists of or incorporates LIFESPAN, that offers, advertises, promotes or otherwise refers to hypnosis services, mental health services, well-being services, or any type of medical or health care services;

   d. Registering a corporation, partnership, business or other entity in the Commonwealth of Massachusetts or any other state within the United States

under the name LIFESPAN HYPNOSIS CENTER or any name that consists of or incorporates LIFESPAN in the field of hypnosis, mental health, personal well-being, medicine or health care;

e. Making any false statement or other false claim in connection the name and mark LIFESPAN HYPNOSIS CENTER, or any name and mark that consists of or incorporates LIFESPAN, to possess a medical or other license in the fields of hypnosis, mental health, personal well-being, medicine or health care;

f. Registering, obtaining or using any domain name or URL that consists of LIFESPAN HYPNOSIS CENTER or any name that consists of or incorporates LIFESPAN in connection with hypnosis services, mental health services, well-being services, or any type of medical or health care services;

g. Registering, obtaining or using any social media account, including, without limitation, Facebook, Instagram, or Twitter, that operates under or refers to the name and mark LIFESPAN HYPNOSIS CENTER or any name or mark that consists of or incorporates LIFESPAN for or in connection with the offering of hypnosis services, mental health services, well-being services, or any type of medical or health care services;

h. Committing any other act or making any other statement or using any other mark that infringes or dilutes Plaintiff's LIFESPAN names, trademarks or service marks or constitutes an act of infringement, dilution, unfair competition, or deceptive trade practice under federal law, the laws of the Commonwealth of Massachusetts, or common law.

4. Order the Defendants to terminate, cancel, revoke, or otherwise abandon and discontinue any and all certificates of incorporation, business registrations or other licenses or registrations to conduct business in the Commonwealth of Massachusetts or any other state within the United States under the name LIFESPAN HYPNOSIS CENTER or any name that consists of or incorporates LIFESPAN for any business or services in the fields of hypnosis, mental health, personal well-being, or medicine or health care.

5. Order the Defendants to deliver up for destruction all labels, signs, prints, packages, wrappers, receptacles, advertisements, catalogs, brochures, promotional materials, and all other materials in the possession or control of the Defendants that bear any name, mark or designation enjoined by Paragraphs 3(a) – 3(h) in this Prayer for Relief, or any other name, mark, designation, or device that is confusingly similar to the LIFESPAN name or mark or is likely to dilute the distinctive quality of the LIFESPAN name or mark;

6. Order the Defendant to file with this Court and serve on Plaintiff within thirty (30) days after service of such injunction, a written report under oath pursuant to 15 U.S.C. § 1116 setting forth in detail the manner and form in which Defendant has complied with the injunction;

7. Requiring Defendant to account for and pay over to Plaintiff its profits and all damages sustained by Plaintiff;

8. Trebling the amount of damages awarded Plaintiff pursuant to 15 U.S.C. §§ 1114 and 1117;

9. Awarding Plaintiff its reasonable attorneys' fees, costs and expenses pursuant to 15 U.S.C. §§ 1114 and 1117 as well as double or treble damages under Mass. Gen. Laws Ch. 93A, § 11; and

10. Awarding Plaintiff such other relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury as to all issues triable by jury.

Date: April 25, 2023

**LIFESPAN CORPORATION**
By its Attorneys,

*/s/ Stephen D. Lapatin*
Daniel J. Procaccini (BBO #682452)
Stephen D. Lapatin (BBO #706158)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: (401) 274-7200
Fax: (401) 351-4607
dprocaccini@apslaw.com
slapatin@apslaw.com

## VERIFICATION

I, Jane Bruno, SVP of Lifespan Marketing and Communications, on behalf of Lifespan Corporation, with the assistance counsel and of other pertinent representatives of Lifespan Corporation upon whom I have relied, have reviewed the factual allegations of the Verified Complaint. To the best of my knowledge and belief, the allegations contained in the Verified Complaint are true and accurate. As to the matters therein stated to be alleged on information and belief, I believe them to be true.

*/s/ Jane Bruno*
Jane Bruno, on behalf of
LIFESPAN CORPORATION

STATE/COMMONWEALTH OF   Rhode Island

COUNTY OF   Providence

On this 25th day of   April  , 2023, before me, the undersigned notary public, personally appeared   Jane Bruno  , personally known to me or proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed the preceding document in my presence, and who swore or affirmed to the notary that the contents of the document are truthful and accurate to the best of his or her knowledge, information and belief.

Notary Public *Glenn R. Friedemann*

My Commission Expires:  07/31/2025
Notary Number:  6176

- 20 -